No. 25-4193

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

GERALD WILSON

*Plaintiff-Appellant*,

v.

JEFF MACOMBER, ET AL.

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Southern District of California
No. 3:24-cv-1079
Hon. Michael M. Anello

---

**APPELLANT'S OPENING BRIEF**

---

Samuel Weiss
Rights Behind Bars
1800 M Street NW, Front 1 #33821
Washington, DC 20033
202-455-4399
sam@rightsbehindbars.org

*Attorney for Plaintiff-Appellant Gerald
Wilson*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................II

JURISDICTIONAL STATEMENT.......................................................................1

ISSUES PRESENTED ..........................................................................................1

    II.   WHETHER WILSON SUCCESSFULLY PLED DISCRIMINATION BECAUSE OF DISABILITY WHEN HE ALLEGED THAT DEFENDANTS FAILED TO ACCOMMODATE HIS DISABILITY. ..............................................................................................1

STATEMENT OF THE CASE ..............................................................................1

SUMMARY OF THE ARGUMENT.....................................................................4

STANDARD OF REVIEW ...................................................................................4

ARGUMENT ........................................................................................................5

    I.   WILSON BROUGHT HIS CLAIMS AGAINST APPROPRIATE DEFENDANTS............6

    II.  WILSON SUCCESSFULLY PLED DISCRIMINATION BECAUSE OF DISABILITY. .....9

CONCLUSION ...................................................................................................10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

**CASES**

*Abbott v. Rosenthal*, 2 F.Supp.3d 1139 (D. Idaho 2014) ...........................................8

*Armstrong v. Schwarzenegger*, 622 F.3d 1058 (9th Cir. 2010) .............................10

*Armstrong v. Wilson*, 124 F.3d 1019 (9th Cir. 1997)...............................................6

*Becker v. Oregon*, 170 F.Supp.2d 1061 (D. Or. 2001)..............................................8

*Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919 (9th Cir. 2017) .............5

*Durham v. Kelley*, 82 F.4th 217 (3d Cir. 2023) ......................................................6

*Duvall v. Cty. of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) .........................................6

*Eaglesmith v. Ward*, 73 F.3d 857 (9th Cir. 1995) ...................................................7

*Entler v. Gregoire*, 872 F.3d 1031 (9th Cir. 2017) ..................................................5

*Feathers v. Miranda*, WL 1355704 (E.D. Cal. 2017) ..............................................8

*Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir.1980)...................................................9

*Kentucky v. Graham*, 473 U.S. 159 (1985) ..............................................................6

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ........................................1

*McGary v. City of Portland*, 386 F.3d 1259 (9th Cir. 2004)..............................9, 10

*Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir. 2014) ...................................................5

*Resnick v. Hayes*, 213 F.3d 443 (9th Cir. 2000)......................................................4

*Schoenwandt v. Hawaii Paroling Authority*, 2014 WL 5822860 (D. Hawai'i 2014) ....................................................................................................................8

*Schoenwandt v. Karan*, WL 5757339 (D. Hawai'i 2014) .........................................8

*Tennessee v. Lane*, 541 U.S. 509 (2004)...................................................................6

*Thompson v. Davis*, 295 F.3d 890 (9th Cir. 2002) ...................................................6

*United States v. Georgia*, 546 U.S. 151 (2006).........................................................6

*Wilhelm v. Rotman*, 680 F.3d 1113 (9th Cir. 2012) .............................................5, 9

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)....................................7

*Williams v. Koenig*, No. 21-16092, 2024 WL 1477067 (9th Cir. Apr. 5, 2024)...7, 8

**STATUTES**

28 U.S.C. § 1291 ...............................................................................................1

28 U.S.C. § 1331 ...............................................................................................1

28 U.S.C. § 1915A .........................................................................................4, 5

29 U.S.C. § 794 ................................................................................................1

42 U.S.C. § 12101 .............................................................................................1

42 U.S.C. § 12132 .............................................................................................9

**OTHER AUTHORITIES**

Fed. R. App. P. 4(a)(1)(A) ...............................................................................1

## JURISDICTIONAL STATEMENT

Gerald Wilson brought claims under the Americans with Disabilities Act (ADA) and Rehabilitation Act. 42 U.S.C. § 12132; 29 U.S.C. § 794. The district court had jurisdiction under 28 U.S.C. § 1331. The district court dismissed all claims for failure to state a claim on June 18, 2025. ER-64. Wilson filed a timely notice of appeal on July 2, 2025. ER-67; *see* Fed. R. App. P. 4(a)(1)(A). This Court has jurisdiction over the appeal under 28 U.S.C. § 1291.

## ISSUES PRESENTED

I.  Whether Wilson brought his disability law claims against appropriate defendants when his *pro se* complaint named state officials without specifying that he was suing them in their official capacities.

II. Whether Wilson successfully pled discrimination because of disability when he alleged that Defendants failed to accommodate his disability.

## STATEMENT OF THE CASE[1]

Gerald Wilson was injured while in prison in 2016. ER-22. In its aftermath, medical prison staff deemed him "DPM," which meant that he had disabilities involving severe mobility restrictions. *Id.* They were also concerned about future problems with incontinence and arranged for him to have the disability

---

[1] The following facts are drawn from Wilson's First Amended Complaint and are accepted as true. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

1

accommodation of bars in his shower, special opportunities to wash urine off in the shower, and a walker. ER-22–23. These accommodations were all permanent. ER-23.

Nonetheless, in February 2023 Defendant Salazar refused to allow Wilson to take a morning incontinence shower unless he could show a "blue bag." ER-23; ER-49. This demand made no sense, as Wilson's incontinence involved urine and "blue bags" were containers for feces. ER-23. Salazar ordered other staff not to allow Wilson to take incontinence showers and his incontinence accommodation was discontinued without any medical basis. ER-49.

In June 2024, staff gave Wilson the choice to either take his incontinence shower when his tier was released for morning breakfast or to go to morning breakfast first and take his incontinence shower after. ER-49. This choice requires him to choose between taking a shower and skipping breakfast—as he does not have time to make it to the dining hall before it closes—or going to breakfast soaked in urine. ER-49. He has opted for the latter and in the six months leading up to filing his complaint had lost over twenty pounds due to a lack of food. ER-49.

In August 2023, Wilson was working as a chapel clerk. ER-16. A volunteer working under prison staff ordered Wilson to mop the floor. ER-17. Wilson explained that he needed his walker to be able to do so. *Id.* The volunteer responded "you are one of those people." *Id.* Wilson was then fired from being a chapel clerk

2

specifically on the grounds that he could only do his tasks with his durable medical equipment. *Id.* For reasons unclear to Wilson, the classification hearing that is supposed to accompany removal from a paying job never occurred. *Id.*; ER-18. Staff thereafter labeled Wilson an "ADA worker" and assigned him to a different, lower-paying job. ER-17. Wilson filed numerous grievances and accommodation requests about all of the above issues.

The district court dismissed Wilson's claims on pre-service screening pursuant to the Prison Litigation Reform Act for failure to state a claim. ER-64. The court held that "a plaintiff cannot assert an ADA or RA claim against defendants in their individual capacities." ER-62.[2] The court did not explain why it believed that Wilson had brought suit against Defendants in their individual capacities. The court also held that Wilson's complaint was "devoid of facts showing that Wilson was delayed or denied a morning shower *because* of his disability." ER-63 (emphasis in original).

Wilson filed a timely notice of appeal on July 2, 2025. ER-67.

---

[2] Because the elements of Wilson's ADA and Rehabilitation Act claims do not differ in any respect relevant to the resolution of this appeal, Wilson will refer to all his disability claims as "ADA claims" as shorthand. *See Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135–36 (9th Cir. 2001).

## SUMMARY OF THE ARGUMENT

Wilson's allegations of Defendants' failure to accommodate his disabilities plainly state a claim for disability discrimination under the ADA. The district court dismissed his claims for two reasons. Both are incorrect.

First, the district court erred in holding that Wilson sued the wrong defendants. Wilson's *pro se* complaint named state officials and did not clarify in which capacity he was suing them. This Court has held that under such circumstances a court must examine the essential nature of the proceeding to determine capacity. which, here, results in a valid official-capacity suit.

The district court erred again in holding that Wilson was not discriminated against "*because*" of his disability. The causation requirement of the ADA does not require differential treatment. The ADA creates an affirmative obligation to accommodate disabilities. Failure to accommodate claims are paradigmatic disability law claims and would be extinct under such a rule. A plaintiff need only allege that he lacked meaningful access to prison services because of Defendants' failure to accommodate his disabilities. Wilson has done so here.

## STANDARD OF REVIEW

"This court reviews de novo a district court's dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). "Under § 1915A,

4

when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Id.* A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reversing dismissal of prisoner's *pro se* First Amendment claims on the pleadings)).

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). As such, the bar for surviving screening under § 1915A is low. This Court has repeatedly described § 1915A's screening requirement as a "low threshold." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 924 (9th Cir. 2017) (same).

## ARGUMENT

"To prove that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his

5

disability." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (internal quotation marks omitted). Wilson's *pro se* complaint meets this standard: he had a disability via a substantial limitation on major life activities such as walking and urinating, and he lacked meaningful access to prison services—including hygiene, meal services, and employment—as a result of Defendants' failure to accommodate. The district court nonetheless dismissed his disability law claims on two bases. First, it held that Wilson had failed to name the correct defendant, and, second, that he had failed to show that he was discriminated against *because* of his disability. Both are incorrect.

## I.      Wilson Brought His Claims Against Appropriate Defendants.

Cases brought under Title II of the ADA are against "public entit[ies]." 42 U.S.C. § 12131. When suing the state, the appropriate defendant is therefore the state itself. *See, e.g.*, *United States v. Georgia*, 546 U.S. 151 (2006); *Tennessee v. Lane*, 541 U.S. 509 (2004). While sometimes plaintiffs sue the state directly, other times plaintiffs bring claims against state officials in their official capacities. *See, e.g.*, *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Armstrong v. Wilson*, 124 F.3d 1019, 1021 (9th Cir. 1997); *Durham v. Kelley*, 82 F.4th 217, 227 (3d Cir. 2023). Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus, "an official capacity suit is, in all respects other than

6

name, to be treated as a suit against the entity." *Id.* "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office … it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

The district court dismissed Wilson's claim against Defendants because "a plaintiff cannot assert an ADA or RA claim against defendants in their individual capacities," writing that the "proper defendant for a claim under Title II of the ADA and § 504 of the RA is the public entity." ER 62–63. The former statement is true, but the district court never explained why it examined Wilson's claims as brought against Defendants in their individual rather than official capacities.

This Court considers the "essential nature" of a proceeding in "determining whether a suit is an individual- or official-capacity suit." *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995). A claim under Title II of the ADA brought against state officials must be an official-capacity suit because equivalent individual-capacity suits, as the district court explained, do not exist. The district court therefore erred in assuming that Wilson sought to bring an individual-capacity suit despite such suits not existing and then dismissing it for that same reason.

This Court addressed identical circumstances last year in *Williams v. Koenig*, No. 21-16092, 2024 WL 1477067, at *3 (9th Cir. Apr. 5, 2024). "While the district court correctly observed that the ADA does not permit suits against state officials in

their individual capacities, the ADA does permit suits" against defendants in their official capacities." *Id.* The complaint, like Wilson's, was "silent as to whether the prison officials named are being sued in their individual or official capacities." *Id.* The district court should have, therefore, this Court wrote, applied the "essential nature" test and determined that it was "an official capacity suit permitted under the ADA." *Id.* After all, the plaintiff was "not required to name the entity that runs the prison as the defendant because suits against the warden and other state prison officials in their official capacities are treated as suits against their office." *Id.* The same result is appropriate here.

Following this Court's guidance, district courts have treated ADA claims against individual defendants "as official capacity claims because no individual capacity claims under the statute exist." *See, e.g., Feathers v. Miranda*, WL 1355704, at *3 (E.D. Cal. 2017); *Schoenwandt v. Hawaii Paroling Authority*, 2014 WL 5822860, at *4 (D. Hawai'i 2014) ("Claims against individuals under the ADA are treated as official capacity claims because no individual capacity claims exist under the statute."); *Schoenwandt v. Karan*, WL 5757339, at *3 (D. Hawai'i 2014); *Abbott v. Rosenthal*, 2 F.Supp.3d 1139, 1144 (D. Idaho 2014) (same); *Becker v. Oregon*, 170 F.Supp.2d 1061, 1066 (D. Or. 2001). The district court's conclusion to the contrary was particularly inappropriate here as courts are required to construe the pleadings of *pro se* plaintiffs especially liberally. *See Wilhelm v. Rotman*, 680

F.3d 1113, 1121 (9th Cir. 2012); *Gillespie v. Civiletti,* 629 F.2d 637, 640 (9th Cir.1980).

## II.     Wilson Successfully Pled Discrimination Because of Disability.

The district court's other basis for its decision—that Wilson's complaint is "devoid of facts showing that" he lacked meaningful access to services "*because* of his disability," ER-63—is equally incorrect. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Under the ADA, therefore, this Court has "repeatedly recognized that facially neutral policies may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced" because they deny disabled persons the benefits of the services, programs, or activities of a public entity. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). The ADA therefore places an affirmative obligation on public entities to make reasonable accommodations to those with qualified disabilities, and the failure to do so constitutes disability discrimination just as clearly as the sort of disparate treatment prohibited in the context of race or sex. *Id.* at 1266. The district court here, like the court in *McGary*, "appears to have misconstrued [plaintiff's] claim as either a 'disparate treatment' or a 'disparate impact' claim, rather than a 'reasonable

accommodation' claim." *Id.* at 1265. "A plaintiff need not allege either disparate treatment or disparate impact in order to state a reasonable accommodation claim." *Id.* at 1266.

Wilson's allegations describe seeking a reasonable accommodation for meaningful access to prison services including a shower, toileting, and a job. ER-23; ER-17; *see also, e.g.*, *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1068 (9th Cir. 2010) (explaining that "the fundamentals of life, such as sustenance, the use of toilet and bathing facilities, and elementary mobility and communication" inside a prison all constitute a public entity's programs or services). He does not need to allege differential treatment *because* of his disability; rather, he simply needs to allege that he lacked meaningful access to these services because of his disability, sought reasonable accommodations that could have provided such access, and was denied them. The district court erred in concluding otherwise.

## CONCLUSION

This Court should reverse the district court's dismissal of Wilson's complaint for failure to state a claim and remand to the district court for further proceedings.

Date: November 10, 2025

/s/ Samuel Weiss
Samuel Weiss

Rights Behind Bars
1800 M Street NW Front 1 #33821

10

Washington, DC 20033
*Attorney for Appellant Gerald Wilson*

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,320 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word with a Times New Roman 14-point font.


Date: November 10, 2025


*/s/ Samuel Weiss*
Samuel Weiss

Rights Behind Bars
1800 M Street NW, Front 1 #33821
Washington, DC 20033
*Attorney for Appellant Gerald Wilson*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: November 10, 2025

/s/ Samuel Weiss
Samuel Weiss

Rights Behind Bars
1800 M Street NW Front 1 #33821
Washington, DC 20033
Attorney for Appellant Gerald Wilson